UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ENOMA IGBINOVIA,

    Plaintiff,

v.

JAMES DZURENDA, *et al.*,

    Defendants.

Case No. 2:19-cv-00588-RFB-NJK

**ORDER**

Before the Court are Plaintiff's Motion for a Temporary Restraining Order / Preliminary Injunction (ECF Nos. 3, 4) and Motion to Dispense Without the Requirement of Security (ECF No. 5). For the reasons stated below, the Court denies both motions.

### I.     PROCEDURAL BACKGROUND

Plaintiff filed the complaint and application for leave to proceed in forma pauperis on April 8, 2019. ECF No. 1. Plaintiff filed the instant motions on July 29, 2019. ECF Nos. 3, 4, 5.

### II.     FACTS ALLEGED

The Court briefly summarizes the facts alleged in Plaintiff's Complaint and Motion for a Temporary Restraining Order / Preliminary Injunction.

Plaintiff is an inmate in the custody of the Nevada Department of Corrections and has been incarcerated since October 27, 1997. Defendants have refused to properly deduct statutory good time credits and work/education credits from Plaintiff's sentence in accordance with Nevada law.

Some similarly situated NDOC inmates have received the appropriate deductions while Plaintiff has not. This misapplication of Nevada law by Defendants has unlawfully extended Plaintiff's prison sentences. Plaintiff has exhausted the administrative grievance process. Plaintiff alleges that Defendants have violated his substantive and procedural due process rights, his eighth amendment rights, his equal protection rights, and his first amendment rights, and his right to be free of ex post facto punishment. He seeks monetary damages and declaratory and injunctive relief.

Plaintiff filed a petition for writ of habeas corpus addressing the same issue in the Clark County District Court, case number A-18-773846-W. In an order dated January 3, 2019, the Clark County District Court found that on June 25, 2018, the Offender Management Division had reviewed Plaintiff's credit history and adjusted the application of credit to his minimum sentence, consistent with Nevada law. As a result, Plaintiff's eligibility for a parole hearing was accelerated from February 1, 2021 to July 27, 2019.

### III. LEGAL STANDARD

The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised

and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134–35 (citation omitted).

**IV.     DISCUSSION**

The Court finds that Plaintiff has failed to raise serious questions as to the merits of his claims and has failed to show irreparable harm. The Court also finds that Plaintiff's claims for injunctive relief are likely not cognizable. The Court therefore denies preliminary injunctive relief.

Plaintiff attaches to his motion the January 2, 2019 decision of the Clark County District Court. ECF No. 3 at 26–28. Because this order is a matter of public record, the Court takes judicial notice of the decision. Fed. R. Evid. 201.

The Clark County District Court denied as moot Plaintiff's petition for writ of habeas corpus based on its finding that the Nevada Department of Corrections had already reviewed Plaintiff's credit history and appropriately applied credits under Nevada law. Though Plaintiff alleges that Defendants continue to refuse to apply Plaintiff's earned statutory good time credits, the state court has made factual findings that contradict this allegation. Therefore, the Court does not find that Plaintiff has raised serious questions as to the merits of his claims in support of injunctive relief.

Moreover, the Court finds that there is no likelihood of irreparable harm. Because the state court found that Plaintiff has already received the injunctive relief he requests, no effective relief can be granted. The motion is therefore moot. Bayer v. Neiman Marcus Grp., Inc., 861 F.3d 853, 862 (9th Cir. 2017). For these reasons, the Court finds that preliminary injunctive relief is not merited.

The Court lastly notes that Plaintiff's claims for injunctive relief are likely barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486–87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." Id. at 487. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the duration of his confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the period of confinement has already been invalidated. Id. Accordingly, a prisoner usually may not use § 1983 to challenge the *duration* of confinement by seeking a determination that he is entitled to immediate release or a speedier release from imprisonment. Thornton v. Brown, 757 F.3d 834, 841 (9th Cir. 2013).

A plaintiff may only assert a Section 1983 due process claim (rather than a habeas claim) in the parole context in very limited circumstances. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (explaining that a prisoner may challenge procedures used in parole hearing under § 1983 provided he does not seek "immediate or speedier release" and does not seek to invalidate the basis or duration of his confinement); see also Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (noting that a federal due process claim in parole context requires only that prisoner be provided with an opportunity to be heard and a statement of the reasons why parole was denied). To the extent Plaintiff's claims require the Court to find that the duration of his confinement is unlawful as a necessary predicate to his alleged eligibility for a parole hearing, this Court may not grant relief.

V. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for a Temporary Restraining Order / Preliminary Injunction (ECF Nos. 3, 4) is DENIED.

**IT IS FURTHER ORDERED** that Motion to Dispense Without the Requirement of Security (ECF No. 5) is DENIED as moot, as the Court has issued no injunctive relief.

DATED this 30th day of August, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**