UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ENOMA IGBINOVIA,<br><br>　　　　　　　　　Plaintiff<br><br>　v.<br><br>JAMES DZURENDA et al.,<br><br>　　　　　　　　　Defendants | Case No. 2:19-cv-00588-RFB-VCF<br><br>ORDER |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1).  The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.　　IN FORMA PAUPERIS APPLICATION**

Plaintiff's application to proceed *in forma pauperis* is granted. (ECF No. 1). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915.  Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.　　SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and

(2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying pleadings [allegations]

that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See Neitzke v. Williams, 490 U.S. 319, 327–28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

### III.   SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at Ely State Prison ("ESP") and High Desert State Prison ("HDSP"). (ECF No. 1-1 at 2). Plaintiff sues Defendants James Dzurenda, Eldon K. McDaniels, James G. Cox, Brian Williams, Dwayne Deal, Deborah Brooks, Renee Baker, Michael Oxborrow, Melissa Travis, and Claude Willis. (Id. at 1-2). Plaintiff alleges ten claims and seeks monetary, declaratory, and injunctive relief. (Id. at 17, 20).

The complaint alleges the following:  Plaintiff has been incarcerated since October 27, 1997. (Id. at 2). Between that date and July 1, 2007, Defendants failed to properly enact NRS § 209.4465 by refusing to deduct 20 days of statutory good time credits and 10 days of work/education credits from Plaintiff's maximum and minimum sentences. (Id. at 2-3). Plaintiff argues that he would have "expired and paroled his previous consecutive sentences earlier and would have been able to spend quality time with family and friends" but remains incarcerated. (Id. at 3). Plaintiff's crimes were all category B felonies that

occurred on October 23, 1997. (Id. at 4).

In claim 1, Plaintiff alleges due process violations. (Id. at 4-5). In claim 2, Plaintiff alleges mental and emotional stress. (Id. at 9-10). In claim 3, Plaintiff alleges Fourteenth Amendment equal protection violations. (Id. at 10-11). In claim 4, Plaintiff alleges due process and equal protection violations related to NRS § 209.4465(9)(b). (Id. at 11-12). In claim 5, Plaintiff alleges retaliation. (Id. at 12, 15). In claim 6, Plaintiff alleges an Ex Post Facto Clause violation. (Id. at 15). In claims 7, 8, 9, and 10, Plaintiff alleges Eighth Amendment cruel and unusual punishment. (Id. at 16-17).

### A. NRS § 209.4465

NRS § 209.4465 generally discusses good time credits for inmates sentenced to crimes committed on or after July 17, 1997. On July 1, 2007, the Nevada Legislature enacted several amendments to this statute causing inmates to focus on whether they committed their crimes between July 17, 1997 and June 30, 2007.

NRS § 209.4465(7) provides that credits earned pursuant to § 209.4465 must be deducted from the maximum sentence as applicable and "[a]pply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." NRS § 209.4465(7)(a)-(b). If § 209.4465(7)(b) applies to an inmate, the statute permits good time credits to be applied to an inmate's minimum sentence, thus, making an inmate eligible for parole sooner than he or she would have been without the credits. See NRS § 209.4465(7); Williams v. State Dep't of Corr., 402 P.3d 1260, 1262 (Nev. 2017); Vonseydewitz v. Legrand, No. 66159, 2015 WL 3936827 (Nev. June 24, 2015) (unpublished).

NRS § 209.4465(8) provides that credits earned pursuant to § 209.4465 apply to eligibility for parole and must be deducted from the minimum and maximum sentences as applicable. However, under § 209.4465(8), credits may not be applied to inmates who have been convicted of:

> (a) Any crime that is punishable as a felony involving the use or threatened use of force or violence against the victim;

>   (b) A sexual offense that is punishable as a felony;
>   (c) A violation of NRS 484C.110, 484C.120, 484C.130 or 484C.430 that is punishable as a felony; or
>   (d) A category A or B felony.

NRS § 209.4465(8)(a)-(d).

NRS § 209.4465(9) provides that "[c]redits deducted pursuant to subsection 8 may reduce the minimum term or the minimum aggregate term imposed by the sentence, as applicable, by not more than 58 percent for an offender who: (a) Is serving a sentence for an offense committed on or after July 1, 2014; or (b) On or after July 1, 2014, makes an irrevocable election to have his or her consecutive sentences aggregated pursuant to NRS 213.1212." NRS § 209.4465(9)(a)-(b).

**B.    Arguments Regarding Statutory Credit Deductions for Maximum Sentences**

The Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); see Nettles v. Grounds, 830 F.3d 922, 927(9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). In Wilkinson, the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration. Id. at 81-82.

The Court finds that Plaintiff's claims regarding the miscalculation of statutory credit deductions from Plaintiff's maximum sentence length are barred. By arguing that Defendants failed to correctly apply statutory credit deductions from Plaintiff's maximum sentence, Plaintiff is attempting to challenge the duration of his overall sentence. The Court acknowledges that Plaintiff alleges, "Defendants have also now concede[d] in

1  Plaintiff's grievance appeal recently and in his writ of habeas corpus filed on May 02,
2  2018, as Case No. A-18-773846-W, in state court 8th Judicial District Court, Clark County
3  that Plaintiff is entitled to benefit from AB510 Amendment of NRS 209.4465 (2007)." (ECF
4  No. 1-1 at 14.)  However, this one sentence does not demonstrate that the state court
5  granted Plaintiff habeas relief on this issue.  As such, the Court dismisses, without
6  prejudice, Plaintiff's § 1983 claims challenging the statutory deductions to his maximum
7  sentences based on Wilkinson.

### C.     Due Process (Claims 1, 4)

In order to state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures.  Swarthout v. Cooke, 562 U.S. 216, 219 (2011).  In Nevada, state prisoners do not have a liberty interest in parole or parole eligibility.  See Moor v. Palmer, 603 F.3d 658, 661-62 (9th Cir. 2010). Additionally, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due process clause.  Swarthout, 562 U.S. at 222 (holding that "a 'mere error of state law' is not a denial of due process"); see also Young v. Williams, No. 2:11-CV-01532-KJD, 2012 WL 1984968, at *3 (D. Nev. June 4, 2012) (holding that alleged error in applying good time credits to sentence was an error of state law that did not constitute a due process violation).

The Court finds that Plaintiff fails to state colorable due process claims based on the allegations that Defendants violated NRS § 209.4465 and deprived him of earlier parole eligibility dates.  Plaintiff cannot establish a liberty interest in his parole eligibility dates.  Moreover, the failure to properly apply NRS § 209.4465 constitutes an error of state law and cannot be the basis of a due process claim.  As such, the Court dismisses the due process claims, with prejudice, as amendment would be futile.

### D.     Equal Protection (Claims 3, 4)

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law.  City of

Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must allege facts demonstrating that Defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); see also Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

The Court finds that Plaintiff fails to state colorable equal protection claims based on the misapplication of NRS § 209.4465.  Plaintiff conclusively states that defendants awarded statutory credits correctly to "other similarly situated NDOC inmates."  (ECF No. 1-1 at 3, 10-12).  However, Plaintiff has not provided any factual allegations to demonstrate that any inmates were similarly situated to Plaintiff.  The Court dismisses the equal protection claims without prejudice.

### E. Retaliation (Claim 5)

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2004). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices.  And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." Id.

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Id. at 567-68.  Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Id. at 568-69.

The Court dismisses this claim without prejudice. The Court acknowledges that Plaintiff filed a lawsuit in a previous matter against NDOC officials in 3:16-cv-497-MMD-VPC. (ECF No. 1-1 at 12). However, Plaintiff's allegations fail to sufficiently demonstrate that because of that lawsuit, Defendants failed to correctly apply his statutory credits to him. As such, the Court dismisses this claim without prejudice.

### F.    Ex Post Facto (Claim 6)

The U.S. Constitution prohibits the States from enacting ex post facto laws. U.S. Const. art. I, § 10, cl. 1. The Ex Post Facto Clause prohibits the States from enacting laws that retroactively increase the punishment for a crime after its commission. Garner v. Jones, 529 U.S. 244, 249 (2000). "To fall within the ex post facto prohibition, a law must be retrospective—that is, it must apply to events occurring before its enactment—and it must disadvantage the offender affected by it, . . . by altering the definition of criminal conduct or increasing the punishment for the crime." Lynce v. Mathis, 519 U.S. 433, 441, (1997) (internal quotations and citations omitted).

The Court dismisses this claim without prejudice. Plaintiff appears to argue that, if Defendants correctly applied NRS § 209.4465 to him, he would receive an increase of statutory credit deductions. If this is the case, then the statute is advantageous to Plaintiff because it awards him more credit deductions and, thus, fails to increase his punishment.

### G.    Eighth Amendment (Claims 7, 8, 9, 10)

In order to state an Eighth Amendment cruel and unusual punishment claim for detaining a person beyond the termination of his or her sentence, the plaintiff must demonstrate that the detention was the result of deliberate indifference to the prisoner's liberty interest or that the detention violated due process. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

The Court finds that Plaintiff fails to allege colorable cruel and unusual punishment claims. As discussed above, Plaintiff does not have a liberty interest in parole or parole eligibility and, thus, he cannot demonstrate deliberate indifference to his "liberty interest." Accordingly, these claims are dismissed with prejudice as amendment would be futile.

### H.    Mental/Emotional Stress (Claim 2)

The Court interprets Plaintiff's claim for "extreme mental and emotional stress due to excessive incarceration" as a state law tort claim for intentional infliction of emotional distress. (ECF No. 1-1 at 9).

Under Nevada law, the State of Nevada has generally waived sovereign immunity for state tort actions in state court. Nev. Rev. Stat. § 41.031(1). In order to sue the State of Nevada or a state employee, the plaintiff is required to sue the State of Nevada or appropriate political subdivision. Nev. Rev. Stat. §§ 41.031, 41.0337. "In any action against the State of Nevada, the action must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit." Id. § 41.031(2).

In Craig v. Donnelly, 439 P.3d 413 (Nev. App. 2019), the Nevada Court of Appeals held that "while a plaintiff must name the State as a party to any state tort claims in order to comply with NRS 41.031 and NRS 41.0337, this statutory requirement does not apply to 42 U.S.C. § 1983 claims, even when brought in the same complaint as a plaintiff's state tort claims. Indeed, the State cannot be named as a party to a plaintiff's § 1983 civil rights claims." Id. at 414. In Craig, the Nevada Court of Appeals addressed whether a plaintiff had to name the State as party in a *state* court case. Id. at 413.

With respect to *federal* court cases, the State of Nevada does not waive its immunity from suit conferred by the Eleventh Amendment. Nev. Rev. Stat. § 41.031(3). Generally, the State of Nevada and arms of the state cannot be sued in federal court. See O'Connor v. State of Nev., 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment . . . The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states"). In Stanley v. Trustees of California State Univ., 433 F.3d 1129, (9th Cir. 2006), the Ninth Circuit held that 28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims. Id. at 1133-34. Although the State of Nevada may consent to federal court jurisdiction for state

law claims through removal, this is not a removed case. See Lapides v. Bd. of Univ. Sys. Of Ga., 535 U.S. 613 (2002) (holding that state's removal of suit to federal court constitutes waiver of its sovereign immunity).

For this reason, the Court finds that Plaintiff must raise his state law tort claim for intentional infliction of emotional distress in state court and dismisses the claim for lack of supplemental jurisdiction. See Hirst v. Gertzen, 676 F.2d 1252, 1264 (9th Cir. 1982) (holding that, where Montana law deemed governmental entities indispensable parties in a state tort claim against a state employee, the federal court had no supplemental jurisdiction over the state tort claim if it had no jurisdiction over the indispensable party).

### IV.     CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is **granted**. Plaintiff shall **not** be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Enoma Igbinovia, #56141** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended

by the Prison Litigation Reform Act.

It is further ordered that the Clerk of the Court file the complaint (ECF No. 1-1) and send Plaintiff a courtesy copy.

It is further ordered that the claims challenging Plaintiff's maximum sentence are dismissed without prejudice as barred by Wilkinson v. Dotson, 544 U.S. 74 (2005).

It is further ordered that the due process claims (claims 1, 4) are dismissed with prejudice as amendment would be futile.

It is further ordered that the equal protection claims (claims 3, 4) are dismissed without prejudice.

It is further ordered that the retaliation claim (claim 5) is dismissed without prejudice.

It is further ordered that the ex post facto claim (claim 6) is dismissed without prejudice.

It is further ordered that the Eighth Amendment claims (claims 7, 8, 9, 10) are dismissed with prejudice as amendment would be futile.

It is further ordered that the mental/emotional stress claim (claim 2) is dismissed for lack of supplemental jurisdiction.

It is further ordered that this case is dismissed in its entirety and all Defendants are dismissed without prejudice from the case.

It is further ordered that the Clerk of the Court close this case and enter judgment accordingly.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED THIS 1st day of June, 2020.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE