UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ENOMA IGBINOVIA,

                      Plaintiff,

     v.

JAMES DZURENDA, et al.,

                    Defendants.

Case No. 2:19-cv-00588-RFB-VCF

**ORDER ON REMAND**

Plaintiff Enoma Igbinovia, a formerly incarcerated person, initiated this 42 U.S.C. § 1983 action while he was still in the custody of the Nevada Department of Corrections ("NDOC"). (ECF Nos. 1-1, 1-2). In the original screening order, this Court dismissed the complaint and closed the case. (ECF No. 7 at 11). Plaintiff appealed. (ECF No. 10). During the appeal, Plaintiff was no longer incarcerated. (See ECF No. 14 at 1). The U.S. Court of Appeals for the Ninth Circuit affirmed in part, vacated in part, and remanded. (Id. at 3).

Specifically, the Ninth Circuit held that this Court "properly dismissed without prejudice Igbinovia's equal protection, retaliation, and Ex Post Facto Clause claims because Igbinovia failed to allege facts sufficient to state a plausible claim" and "properly dismissed with prejudice Igbinovia's due process and Eighth Amendment claims based on deprivation of parole eligibility because Igbinovia possessed no constitutionally protected liberty interest in parole eligibility in Nevada." (Id. at 2). However, the Ninth Circuit held that:

> to the extent that the district court dismissed Igbinovia's due process and Eighth Amendment claims challenging the statutory deductions to his maximum sentences on the ground that they were barred under Wilkinson v. Dotson, 544 U.S. 74, 78 (2005), we vacate the judgment on these claims because the record shows that Igbinovia is no longer in prison, and thus habeas relief may no longer be available to him. We remand for consideration in light of our decision in Nonnette v. Small, 316 F.3d 872, 877, 878 n.7 (9th Cir. 2002) (holding that plaintiff could proceed with § 1983 action because habeas relief was no longer available).

(Id. at 3).

The Court now screens the remanded claims under 28 U.S.C. § 1915 and Nonnette. See Nonnette v. Small, 316 F.3d 872, 876-77 (9th Cir. 2002) (concluding that a § 1983 action for damages can be maintained, even though success in that action would imply the invalidity of the disciplinary proceedings that caused revocation of prisoner's good-time credits, where, after the district court had dismissed the action under Heck v. Humphrey, 512 U.S. 477 (1994), the prisoner was released from incarceration and on parole); Guerrero v. Gates, 442 F.3d 697, 705 (9th Cir. 2002) (emphasizing that "Nonnette's relief from Heck affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters, not challenges to an underlying conviction" (citation and internal quotation marks omitted)).

## I.    SCREENING STANDARD

"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000); see also Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Allegations in pro se

1   complaints are "held to less stringent standards than formal pleadings drafted by lawyers." Hughes
2   v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

3   A complaint must contain more than a "formulaic recitation of the elements of a cause of
4   action," it must contain factual allegations sufficient to "raise a right to relief above the speculative
5   level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain
6   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
7   cognizable right of action." Id. (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure §
8   1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a
9   claim to relief that is plausible on its face." Id. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662,
10  678 (2009).

11  "A pro se litigant must be given leave to amend his or her complaint, and some notice of
12  its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be
13  cured by amendment." Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

14  **II.   SCREENING REMANDED CLAIMS**

15  In the complaint, Plaintiff sues multiple defendants for events that took place while
16  Plaintiff was incarcerated at Ely State Prison ("ESP") and High Desert State Prison ("HDSP").
17  (ECF No. 8 at 2). Plaintiff sues Defendants James Dzurenda, Eldon K. McDaniels, James G. Cox,
18  Brian Williams, Dwayne Deal, Deborah Brooks, Renee Baker, Michael Oxborrow, Melissa Travis,
19  and Claude Willis. (Id. at 1-2). Plaintiff alleges ten claims and seeks monetary, declaratory, and
20  injunctive relief. (Id. at 17, 20).

21  The complaint alleges the following: Plaintiff has been incarcerated since October 27,
22  1997. (Id. at 2). Between that date and July 1, 2007, Defendants failed to properly enact NRS §
23  209.4465 by refusing to deduct 20 days of statutory good time credits and 10 days of
24  work/education credits from Plaintiff's maximum and minimum sentences. (Id. at 2-3). Plaintiff
25  argues that he would have "expired and paroled his previous consecutive sentences earlier and
26  would have been able to spend quality time with family and friends" but remains incarcerated. (Id.
27  at 3). Plaintiff's crimes were all category B felonies that occurred on October 23, 1997. (Id. at 4).

28

In claim 1, Plaintiff alleges due process violations. (*Id.* at 4-5). In claim 2, Plaintiff alleges mental and emotional stress. (*Id.* at 9-10). In claim 3, Plaintiff alleges Fourteenth Amendment equal protection violations. (*Id.* at 10-11). In claim 4, Plaintiff alleges due process and equal protection violations related to NRS § 209.4465(9)(b). (*Id.* at 11-12). In claim 5, Plaintiff alleges retaliation. (*Id.* at 12, 15). In claim 6, Plaintiff alleges an Ex Post Facto Clause violation. (*Id.* at 15). In claims 7, 8, 9, and 10, Plaintiff alleges Eighth Amendment cruel and unusual punishment. (*Id.* at 16-17). In the screening order, the Court generally dismissed Plaintiff's claims regarding the miscalculation of statutory credit deductions from Plaintiff's maximum sentences.[1] (ECF No. 7 at 5).

Pursuant to the Ninth Circuit remand, the Court properly dismissed claims 1, 2, 3, 4, 5, and 6. (Compare ECF No. 7 with ECF No. 14). The Court now only screens the general due process argument regarding statutory credit deductions and the Eighth Amendment claim challenging the statutory deductions (claims 7, 8, 9, and 10). (See ECF Nos. 7, 14).

### A. Due Process & Statutory Credit Deductions for Maximum Sentences

In the original screening order, the Court dismissed, without prejudice, Plaintiff's § 1983 claims challenging the statutory deductions to his maximum sentences based on Wilkinson v. Dotson, 544 U.S. 74 (2005). See Wilkinson, 544 U.S. at 78 (holding that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief). In light of the remand and Nonnette, the Court will permit the claims that Defendants failed to correctly apply statutory credit deductions from Plaintiff's maximum sentence to proceed. These claims will proceed against Defendants James Dzurenda, Eldon K. McDaniels, James G. Cox, Brian Williams, Dwayne Deal, Deborah Brooks, Renee Baker, Michael Oxborrow, Melissa Travis, and Claude Willis.

### B. Eighth Amendment (Claims 7, 8, 9, 10)

In order to state an Eighth Amendment cruel and unusual punishment claim for detaining a person beyond the termination of his or her sentence, the plaintiff must demonstrate that the

---

[1] The Court interprets this claim as being remanded by the Ninth Circuit as the due process challenge to the statutory deductions to Plaintiff's maximum sentences. (ECF No. 14 at 3).

detention was the result of deliberate indifference to the prisoner's liberty interest or that the detention violated due process. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

In light of the Ninth Circuit remand, the Court will permit this claim to proceed against Defendants James Dzurenda, Eldon K. McDaniels, James G. Cox, Brian Williams, Dwayne Deal, Deborah Brooks, Renee Baker, Michael Oxborrow, Melissa Travis, and Claude Willis.

## III.   CONCLUSION

It is therefore ordered that, pursuant to the Ninth Circuit's remand (ECF No. 14), the Clerk of the Court will reopen this case.

It is further ordered that the complaint (ECF No. 8) is the operative complaint.

It is further ordered that claims 1, 2, 3, 4, 5, and 6 are dismissed from the complaint in the manner referenced by the Ninth Circuit remand.

It is further ordered that the due process claims challenging Plaintiff's maximum sentence will proceed against Defendants James Dzurenda, Eldon K. McDaniels, James G. Cox, Brian Williams, Dwayne Deal, Deborah Brooks, Renee Baker, Michael Oxborrow, Melissa Travis, and Claude Willis.

It is further ordered that the Eighth Amendment claims (claims 7, 8, 9, 10) will proceed against Defendants James Dzurenda, Eldon K. McDaniels, James G. Cox, Brian Williams, Dwayne Deal, Deborah Brooks, Renee Baker, Michael Oxborrow, Melissa Travis, and Claude Willis.

It is further ordered that this case is <u>not</u> referred to the Inmate Early Mediation Program. This case will proceed on the normal litigation track immediately.

It is further ordered that the Clerk of the Court will electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 8) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

It is further ordered that service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

It is further ordered that subject to the findings of this order, within twenty-one (21) days of the date of entry of this order, the Attorney General's Office will file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office will file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

It is further ordered that if service cannot be accepted for any of the named defendant(s), Plaintiff will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff will provide the full name and address for the defendant(s).

It is further ordered that if the Attorney General accepts service of process for any named defendant(s), such defendant(s) will file and serve an answer or other response to the complaint (ECF No. 8) within sixty (60) days from the date of this order.

It is further ordered that Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required.  Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff will include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The Court may disregard any document received by a district judge or magistrate judge

which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

DATED: June 14, 2022

_____
RICHARD F. BOULWARE, III
UNITED STATES DISTRICT JUDGE