UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ENOMA IGBINOVIA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JAMES DZURENDA et al.,<br><br>　　　　　Defendant. | Case No. 2:19-cv-00588-RFB-MDC<br><br>**ORDER** |

**I.　INTRODUCTION**

Before the Court for consideration are the parties' cross-motions for summary judgment. ECF Nos. 37, 42. For the following reasons, the Court denies both motions without prejudice.

**II.　PROCEDURAL BACKGROUND**

On April 8, 2019, Plaintiff filed the complaint and an application for leave to proceed *in forma pauperis*. ECF No. 1 At that time, Plaintiff was an inmate in the custody of NDOC and had been since October 27, 1997. Plaintiff alleges that Defendants refused to properly deduct statutory good time credits and work/education credits from Plaintiff's sentence in accordance with Nevada law, and therefore unlawfully extended Plaintiff's prison sentences.

On June 1, 2020, the Court entered a screening order dismissing all of Plaintiff's claims against all Defendants without prejudice, directed the Clerk to close the case, and certified that any

IFP appeal from this order would not be taken in good faith. ECF No. 7. Plaintiff Igbinovia filed an appeal on June 1, 2020. ECF No. 10.

The Ninth Circuit issued a memorandum on November 18, 2021 (ECF No. 14), affirming the district court's dismissal with prejudice of the due process and Eighth Amendment claims based on deprivation of parole eligibility because there is no constitutionally protected liberty interest in parole eligibility in Nevada. However, the Ninth Circuit vacated the dismissal of Igbinovia's due process and Eighth Amendment claims challenging the statutory deductions to his maximum sentences on the ground that they were barred under Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Because Igbinovia is no longer in prison, the court reasoned that habeas relief may no longer be available to him. The Ninth Circuit then remanded the case for consideration in light of their decision in Nonnette v. Small, 316 F.3d 872, 877, 878 n.7 (9th Cir. 2002) (holding that plaintiff could proceed with § 1983 action because habeas relief was no longer available).

The Court issued an order on remand. After considering Plaintiff's claims under Nonnette v. Small, the Court made ECF No. 8 the operative complaint; dismissed claims 1, 2, 3, 4, 5, and 6; and allowed the (1) due process claim challenging Plaintiff's maximum sentence and (2) Eighth Amendment claims challenging the statutory deductions to proceed against Defendants James Dzurenda, Eldon K. McDaniels, James G. Cox, Brian Williams, Dwayne Deal, Deborah Brooks, Renee Baker, Michael Oxborrow, Melissa Travis, and Claude Willis.

On August 12, 2022, Defendants answered the complaint. ECF No. 28. On October 25, 2023, the Honorable Cam Ferenbach, United States Magistrate Judge, issued a scheduling order setting the discovery deadline for April 24, 2023, with motions due May 24, 2023. On May 24, 2023, Plaintiff filed a motion for summary judgment ECF NO. 37. The motion was fully briefed on July 17, 2023.

After the Court granted an extension for filing dispositive motions, Defendants filed their motion for summary judgment on June 29, 2023. ECF No. 42. Plaintiff filed his response on September 28, 2023. ECF No. 50. Defendants filed a Motion to Strike Plaintiff's Response on October 10, 2023 for exceeding the page limit. ECF No. 53. The Court denied the Motion to Strike on October 11, 2023. ECF No. 55. The Motion was fully briefed on November 13, 2023. ECF No.

57. On December 4, 2023, Plaintiff filed a surreply. ECF No. 58. On January 11, 2024, the Court held a hearing on the instant motions. This order follows.

### III.   LEGAL STANDARD

Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. Fed. R. Civ. P. 56(d); see Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). Importantly, the Ninth Circuit has explained that in pro se prisoner cases, summary judgment is disfavored where discovery requests for relevant evidence are pending. See Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004); Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988). "Summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be 'fruitless' with respect to the proof of a viable claim." Jones, 393 F.3d at 930.

Separately, Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses primarily on the movant's diligence. See DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC, 870 F.3d 978, 989 (9th Cir. 2017). Local Rule 26-3 supplements Federal Rule of Civil Procedure 16. Under that rule, "[a] motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. . . . A request made after the expiration of the subject deadline will not be granted unless the movant" demonstrates "good cause," and "that the failure to act was the result of excusable neglect." Local Rule 26-3. Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. Lemoge v. United States, 587 F.3d 1188, 1195 (9th Cir. 2009). Courts have reasoned that whether neglect is excusable depends on such factors as: (1) the danger of prejudice to opposing parties; (2) the length of the delay, and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. See, e.g., Branch Banking & Trust Co. v. D.M.S.I., LLC, 871 F.3d 751, 764-65 (9th Cir. 2017); Bank

of Am., N.A. v. Ann Losee Homeowners Ass'n, 2017 U.S. Dist. LEXIS 165867, *6-9, 2017 WL 4467541 (D. Nev. Oct. 5, 2017). The determination is ultimately an equitable matter and should consider all the relevant circumstances. Bank of Am., N.A. v. Ann Losee Homeowners Ass'n, 2017 U.S. Dist. LEXIS 165867, 2017 WL 4467541 at *7 (D. Nev. Oct. 5, 2017).

### IV. DISCUSSION

#### a. Legal Standard re Substantive Claims

A prisoner's due process rights under the Fourteenth Amendment are violated when the individual is deprived of a constitutionally protected liberty interest without the minimum procedures delineated under Wolff v. McDonnell, 418 U.S. 539 (1974) (e.g., notice, reasons for disciplinary action, opportunity to call witnesses). Under the Eighth Amendment, "detention beyond the termination of a sentence" can "constitute cruel and unusual punishment if it is the result of 'deliberate indifference' to the prisoner's liberty interest." See Estelle v. Gamble, 429 U.S. 97, 104–06 (1976).

"The Supreme Court has held that prisoners have a liberty interest in good behavior time credits, provided they have earned the credits under applicable state statutes and procedures." Wolff, 418 U.S. at 556–57. "Once the credits are earned, they cannot be denied without the benefit of minimal due process protections." Id. at 557. The Ninth Circuit has repeatedly recognized that a liberty interest is created by good time credit statutes that use mandatory language. See McFarland v. Cassady, 779 F.2d 1426, 1428–29 (9th Cir. 1986); Bergen v. Spaulding, 881 F.2d 719, 721 (9th Cir. 1989). In Galanti v. NDOC, the Ninth Circuit concluded that a Nevada state prisoner pled a plausible due process claim against the prison officials where, as here, he alleged a deprivation of his maximum-sentence deductions under NRS Section 209.4465, and that his sentence should have expired sooner. The Galanti panel cited two Ninth Circuit opinions where similar statutes were found to contain "mandatory" language which created a liberty interest. In Bergen v. Spaulding, 881 F.2d 719 (9th Cir. 1989), the court found that a Washington state law's use of the word "shall" entitled the prisoner to certain deductions which could not be deprived without minimum constitutional procedures. See also McFarland v. Cassady, 779 F.2d 1426,

1428–29 (9th Cir. 1986) (holding similar Arizona statute creates liberty interest).[1]

NRS Section 209.4465 contains similar mandatory language. It provides that "An offender . . .who has no serious infraction of the regulations of the Department, . . . and who performs in a faithful, orderly and peaceable manner the duties assigned to the offender, <u>must</u> be allowed . . . a deduction of 20 days from his or her sentence for each month the offender serves . . ." Nev. Rev. Stat. Ann. § 209.4465 (West) (emphasis added). The Court therefore finds that NRS Section 209.4465 creates a liberty interest. Accordingly, this controversy centers on whether Defendants deprived Plaintiff of his good time credits without due process or with deliberate indifference.

### b. Relevant Remaining Discovery

The Court construes Plaintiff's motion for summary judgment and his opposition to Defendant's motion for summary judgment as a motion to reopen discovery under Rule 56(d). Plaintiff disputes Defendants' 2023 Credit History Reports, arguing the reports are fabricated and do not accurately reflect the time he served on each of his consecutive sentences. He suggests by implication that reports similar to his 2018 report with specific dates should have been provided but were not.[2] At the time the 2018 reports were generated, Plaintiff had only expired Counts 1 (which is not being challenged) and Count 3. He had not yet expired his sentence for any of the remaining challenged counts—Count 4, 6, 7, 9. The 2018 reports therefore do not show how much time Plaintiff served on each of the challenged counts.

Defendants' 2023 Credit History Reports also do not establish the amount of time Plaintiff served on these consecutive sentences. The 2023 Credit History Reports show that Plaintiff was receiving the proper SGTC time dating back to 2007 even though Defendants acknowledge that they had incorrectly applied 10 days per month of SGTC, instead of 20, for approximately twelve years; between 2007 and 2019. Thus, the 2023 Credit History Reports only reveal what Plaintiff

---

[1] Despite being instructed by the Ninth Circuit to brief this very issue, NDOC did not respond to this argument, which forced the Ninth Circuit to reverse and remand the decisions with respect to Galanti's due process claim. See <u>Galanti</u>, 65 F.4th at 1157.

[2] Plaintiff also notes other remaining discovery requests. For example, Plaintiff states that Defendants' answers to his interrogatories were inadequate. On February 21, 2023 and March 6, 2023, he expressed his concerns regarding the inadequate responses to Defendants' counsel but receive no response. Plaintiff further provides evidence that one of the Defendants, Claude Willis, has refused to answer or return Plaintiff's Request for Admissions.

would have served on each sentence had his SGTC time had been properly applied during the entirety of his incarceration. It does not represent how much time he actually served on each sentence. This is further bolstered by the discrepancy between the 2018 and 2023 Credit History Reports for Count 3 (which had expired by 2018). The 2018 report shows Plaintiff expired Count 3 on April 30, 2009, whereas the 2023 report states that he expired this Count over three months earlier, on January 8, 2009.

The Declaration of Holly A. Skulstad is likewise insufficient because the dates in this Declaration coincide with the dates from the 2023 Credit History Reports, and as discussed above, the 2023 Credit History Reports do not represent the actual amount of time Plaintiff served on those sentences *when he was serving* those sentences. Defendants have also failed to provide a full accounting of Plaintiff's credit history for Count 4. The Count 4 2023 Credit History report only shows Plaintiff's sentence and credits for Count 4 up through 2016 even though the Skulstad Declaration avers that Plaintiff did not expire all of Count 4, including the deadly weapon enhancement, until 2019.

The Court further notes that there are glaring inconsistencies in the Skulstad Declaration and briefs. For instance, Skulstad confusingly declares under penalty of perjury that Plaintiff escaped NDOC custody in 2019 but was returned to custody sixteen years earlier in 2003. Skulstad also declares under penalty of perjury that Plaintiff was brought back on a parole violation on March 28, 2022, and paroled again three days later on March 31, 2022. However, at oral argument, counsel for Defendants stated that Plaintiff was picked back up on a parole violation on February 3, 2022, and released again nearly two months later on March 31, 2022. This strengthens the Court's view that Plaintiff requires additional discovery prior to opposing the motion for summary judgment to be able to ascertain the exact dates of his incarceration on each respective sentence.

In light of the foregoing, the Court finds that it is proper to allow Plaintiff to conduct discovery. A genuine issue of material fact remains regarding how many months Plaintiff served on each of his sentences, the corresponding number of credits Plaintiff should have received while serving each of these sentences, and whether his sentences should have expired sooner. Absent additional discovery, Plaintiff is unable to present facts essential to opposing the motion. The

requested discovery will not be fruitless. Rather, it would be relevant to helping decide Plaintiff's claims on the merits.

The Court also finds that Plaintiff's request complies with the information required by Local Rule 26-3. The Court finds that good cause and excusable neglect exists. Despite his changing custodial status throughout the litigation, Plaintiff has diligently prosecuted this case *pro se* since 2019; including taking a successful appeal of the case to the Ninth Circuit. The Court further finds that Defendants would not be prejudiced if discovery is reopened for the limited purposes discussed above. The Court is not persuaded that needing to refile the motion for summary judgment after discovery closes in this matter would constitute prejudice. The Court also finds that the reason for the delay does not weigh against granting Plaintiff's request. This Circuit has cautioned courts that "summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." Jones, 393 F.3d at 930; id. (observing that "the combined disabilities of self-representation and confinement hinder a plaintiff's ability to gather evidence"). Plaintiff has been incarcerated for over a year and a half during the time in which this action has been pending.

Accordingly, Plaintiff's request to reopen discovery is granted, and both Defendants' and Plaintiff's motions for summary judgment are denied without prejudice.. The denial of the motions for summary judgment are without prejudice to them filing a renewed motion for summary judgment after the parties have conducted discovery. See Fed. R. Civ. P. 56(d)(1).

The Court orders discovery to be reopened for 60 days for Defendant to provide reports of the actual dates upon which Plaintiff's respective sentences began and expired.

### c. Qualified Immunity

Defendants also move for summary judgment on qualified immunity grounds. In light of the material facts in dispute and the additional outstanding discovery, Defendants are also not entitled to qualified immunity, at this juncture. See Espinosa v. City & County of San Francisco, 598 F.3d 528, 532 (9th Cir. 2010) (affirming a denial of summary judgment on qualified immunity grounds because "there are genuine issues of fact regarding whether the officers violated [the] [plaintiff's] Fourth Amendment rights[, which] are also material to a proper determination of the

reasonableness of the officers' belief in the legality of their actions"); see also Santos v. Gates, 287 F.3d 846, 855 n.12 (9th Cir. 2002) (finding it premature to decide the qualified immunity issue "because whether the officers may be said to have made a 'reasonable mistake' of fact or law may depend on the jury's resolution of disputed facts and the inferences it draws therefrom") (internal citation omitted)).

Here, there are genuine issues of fact regarding whether Plaintiff was deprived of his SGTC. As discussed more fully above, the Court finds that NRS Section 209.4465 contains the type of mandatory language that has been repeatedly found by the Ninth Circuit to create a liberty interest in maximum-sentence deductions. Thus, at the time of Defendants' alleged conduct, it was clearly established that NDOC could not deprive an individual of his SGTC without providing the minimum constitutional procedures outlined in Wolff v. McDonnell. The Court therefore denies qualified immunity at this time because there are disputed facts regarding whether Plaintiff received the proper amount of SGTC. This denial is without prejudice as the Court is ordering the reopening of discovery.

### d. Plaintiff's Motion for Court to Take Judicial Notice and Clarification

Plaintiff has filed a "Motion to Take Judicial Notice and Clarification." The Court construes this as a motion for leave to file a supplemental document. The Court grants this motion in part and only considers Plaintiff's clarification as to the number of days he has allegedly served in excess. See ECF No. 63 (the "number of days plaintiff initially gave the court was incorrect, and the correct amount of days that was excessive for all of the sentences combined together is 2,505" . . . .) (cleaned up). The Court does not consider Plaintiff's other arguments as the Court finds that these consist of improper "replies" to Defendants' statements at the hearing and do not state any new arguments which the Court has not already considered through the briefs and oral argument. See Local Rule 7-2(b) ("Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged."). Accordingly, "[o]nly the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed." See Tesla, Inc. v. Tripp, 487 F. Supp. 3d 953, 969 (D. Nev. 2020).

///

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that the motions for summary judgment (ECF Nos. 37, 42) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reopen Discovery under Rule 56(d) is **GRANTED.** Discovery shall be reopened until **May 27, 2024**. Defendants shall provide reports of the actual dates when Plaintiff began and expired or was paroled from each of his respective sentences. Plaintiff may request any additional discovery regarding these particular dates.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Supplemental Document (ECF No. 63) is **GRANTED** in part. The Court only considers Plaintiff's clarification as to the number of days he has allegedly served in excess.

**IT IS FURTHER ORDERED** that a status conference on this matter is set for **April 26, 2024 at 10:00 a.m**. to discuss the status of discovery.

**DATED:** March 28, 2024



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**