UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ENOMA IGBINOVIA, | Case No. 2:19-cv-00588-RFB-MDC |
| Plaintiffs, | **ORDER** |
| v. | |
| JAMES DZURENDA, *et al.*, | |
| Defendants. | |

Before the Court are a number of motions, most notably cross motions for summary judgment. ECF Nos. 76, 88. For the following reasons, the Court grants Defendants' motion for summary judgment and denies the remaining motions as moot.

## I. PROCEDURAL HISTORY

The Court incorporates by reference the procedural history contained in its March 28, 2024, order and adds the following:

On June 26, 2024, Defendants Renee Baker, Deborah Brooks, James G. Cox, Dwayne Deal, James Dzurenda, Eldon K. McDaniels, Michael Oxborrow, Melissa Travis, Brian Williams, and Claude Willis filed the instant motion for summary judgment. ECF No. 76. On June 27, Plaintiff Enoma Igbinovia filed a motion to compel, motion for sanctions, and a motion to stay summary judgment. ECF Nos. 77, 78, 79. Plaintiff's motions were fully briefed by July 29. ECF Nos. 81, 82, 83, 85.

On February 26, 2025, Plaintiff filed a response to the summary judgment motion and a cross motion for summary judgment. ECF Nos. 87, 88. On February 27, Defendants filed motions to

strike Plaintiff's response and cross motion, along with a motion to extend time. ECF Nos. 89, 90, 91.

On March 12, 2025, Defendants replied to Plaintiff's summary judgment response. ECF No. 93. On March 14, Plaintiff responded to Defendants' motions to strike. ECF No. 94. On March 19, Defendants responded to Plaintiff's summary judgment motion. ECF No. 95.

The Court's Order follows.

## II.    FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.

### A.  Undisputed Facts

Plaintiff Enoma Igbinovia was tried on nine charges stemming from crimes he committed on October 23, 1997. He was found guilty on six of the nine charges and sentenced on May 18, 1998, Case No. C146894. Plaintiff was released from the custody of the Nevada Department of Corrections ("NDOC") on August 25, 2020.

On June 6, 2017, Plaintiff filed an informal grievance while he was incarcerated at Ely State Prison. He stated that "[o]n June 1, 2017, I found out that I am entitled to 20 days good time credit/days to be deducted from my parole eligibility minimum and maximum terms of each of my sentences, [p]ursuant to AB 510/NRS 209.4495."

On May 2, 2018, Plaintiff filed a petition for writ of habeas corpus in the Eighth Judicial District Court in Clark County, Nevada, Case No. A-18-773846-W. On June 25, 2018, NDOC's Offender Management Division ("OMD") reviewed Igbinovia's credit history and adjusted the application of credit to his minimum sentence and, as a result, his eligibility for a parole hearing was accelerated from February 1, 2021, to July 27, 2019. On January 3, 2019, the state court denied Plaintiff's habeas petition as moot because "NDOC has already reviewed Igbinovia's credit history and appropriately applied credits . . . so there is no additional relief this Court may grant."

On March 12, 2019, respondents in Plaintiff's habeas petition (No. A-18-773846-W) filed a notice of compliance. In it, they stated that "[i]t has been determined that Petitioner Enoma Igbinovia is entitled to credit on four of his sentences under NRS 209.4465. Respondents have adjusted Igbinovia's credits to reflect 20 statutory ('stat') days for each month he was incarcerated

on those sentences."

On August 21, 2019, Plaintiff filed a petition for writ of habeas corpus postconviction in the Eighth Judicial District, Case No. A-19-800622-W. In it, he claimed that his statutory good time credits ("SGTC") were not applied correctly to his sentence after his previous habeas petition was denied as moot. In denying Plaintiff's postconviction habeas petition on March 20, 2020, the state court concluded: "Since OMD has already corrected the calculation of Mr. Igbinovia's sentence and the state district court held that the corrections were properly adjusted, Mr. Igbinovia's claim regarding 'denied credits that were earned' and no applied to his sentence in Case C146894 is denied as moot."

On March 30, Plaintiff appealed the state district court decision in Case No. A-19-800622-W to the Nevada Supreme Court. On August 6, 2020, the Nevada Supreme Court transferred the matter to the Nevada Court of Appeals.

On November 23, 2020, the Nevada Court of Appeals affirmed the district court's order, finding *inter alia* that the "district court reviewed the documents provided by the NDOC concerning Igbinovia's credits and concluded the NDOC had properly calculated Igbinovia's sentences . . . the district court did not err by denying this claim." The Nevada Supreme Court affirmed the district court on January 12, 2021.

### B. Disputed Facts

The parties dispute whether Plaintiff properly received statutory good time credits, as mandated by NRS 209.445, to the maximum terms of his sentence in Case No. C146894 regarding Counts I, III, IV, IV enhancement, VI, VII, VII enhancement, and IX.

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir.

2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). "[W]here the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party." Albino v. Baca, 747 F.3d 1162, 1176 (9th Cir. 2014). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cnty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

**IV.   DISCUSSION**

Plaintiff Enoma Igbinovia brings 42 U.S.C. § 1983 claims alleging that Defendants violated his Eighth and Fourteenth Amendment rights by failing to apply statutory good time credits to the maximum terms of several Counts in his underlying criminal case. For the following reasons, the Court grants Defendants' motion because the doctrine of *res judicata* bars Plaintiff's claim.

**A.   Issue Preclusion**

Defendants argue that Plaintiff's constitutional claims are barred by the doctrine of issue preclusion because Plaintiff previously litigated the issue of whether his statutory good time credits were correctly applied in his second habeas proceeding, Case No. A-19-800622-W. Plaintiff, on the other hand, argues that Defendants' failure to raise defensive issue preclusion prior to summary judgment prevents the Court from considering Defendants' argument. Moreover, Plaintiff argues that the state habeas petition Defendants raise as preclusive is unrelated to the claims he brings in this Court.

The litigation of an issue presented and necessarily decided in a prior action between the same parties is foreclosed by the doctrine of issue preclusion. See Allen v. McCurry, 449 U.S. 90, 94 (1980); Segal v. American Tel. & Tel. Co., 606 F.2d 842, 844-45 (9th Cir. 1979). "The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, requires federal courts to give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in

which the judgment was rendered." Gonzales v. California Department of Corrections, 739 F.3d 1226, 1231 (9th Cir. 2014).

Nevada has four requirements for issue preclusion: (1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated. Five Star Capital Corp. v. Ruby, 194 P.3d 709, 713 (Nev. 2008). The Court weighs the Five Star factors below.

    **i.** *Identical Issue*

"For issue preclusion to attach, the issue decided in the prior [proceeding] must be identical to the issue presented in the current [proceeding]." Holt v. Regional Tr. Servs. Corp., 266 P.3d 602, 605 (Nev. 2011). In challenging whether the issues decided in Plaintiff's habeas proceedings are identical to this action, Plaintiff argues that the habeas petition in Case No. A-19-800622-W was decided only as it related to a different criminal case (C209362) than the one he argues is relevant here (C146894).

In Case No. A-19-800622-W, the state district court explicitly addressed Igbinovia's argument that his statutory good time credits had not been correctly applied, pursuant to NRS 209.4465, in his C146894 criminal case. While the district court in fact ruled that Igbinovia "cannot use the same credits he earned from his paroled case [C146894] and apply them to his current sentence [C209362,]" the court also concluded that Igbinovia is "not entitled to additional credit because he has always received good-time credit" regarding his criminal case C146894. Moreover, the Nevada Court of Appeals noted that Igbinovia had argued that NDOC "improperly failed to apply statutory credits toward his maximum terms[,]" and the court ultimately concluded that "NDOC had properly calculated Igbinovia's sentences."

In this action, Plaintiff challenges the application of statutory good time credits to his maximum terms to several counts in case C146894. The state district court, Nevada Court of Appeals, and the Supreme Court of Nevada all considered the issue. The courts held that NDOC had properly calculated his credits. They specifically addressed the argument that his credits were

not properly applied towards his maximum term. Given the Court's review of the state court decisions denying Plaintiff's underlying habeas petition, the Court finds that Plaintiff's habeas petition decided the identical issue that Plaintiff raises in this case.

### ii. Ruling on the Merits

Next, Plaintiff argues that his habeas petition was not denied on its merits because the district court found that the issue was moot. However, the district court noted specifically that "even if Mr. Igbinovia's request were not moot, he is still not entitled to additional credit because he has always received good-time credit." The court then analyzed the calculation of Igbinovia's statutory good time credits in further detail. Upon review, the Nevada Court of Appeals also found that it had reviewed the record before the district court and concluded that it "supports the district court's decision." The Nevada Supreme Court then affirmed the decision. The Court therefore finds that Plaintiff's underlying habeas petition was ruled on its merits and has become final. See Pellegrini v. State, 34 P.3d 519, 535 (Nev. 2001) (holding that where an issue has been decided on its merits by the Nevada Supreme Court, the high court's ruling is the law of the case, and the issue will not be revisited).

### iii. Same Parties or in Privity

In both Plaintiff's state court action, as well as this action, he filed suit against parties who worked for NDOC. Therefore, the cases involve the same parties.

### iv. Actually and Necessarily Litigated

Lastly, the Court finds that the issue central to this action was actually and necessarily litigated in Plaintiff's habeas proceedings. "When an issue is properly raised . . . and is submitted for determination, . . . the issue is actually litigated . . .." Restatement (Second) of Judgments § 27 cmt.d (1982); see Frei v. Goodsell, 305 P.3d 70, 72 (Nev. 2013) (citing the same for purposes of issue preclusion). "Nevada law provides that only where 'the common issue was . . . necessary to the judgment of the earlier suit,' will its relitigation be precluded." Frei, 305 P.3d at 72 (quoting University of Nevada v. Tarkanian, 879 P.2d 1180, 1191 (Nev. 1994)). As discussed, the state district court and court of appeals decisions necessarily determined that the statutory good time credits had been properly applied to Plaintiff's maximum term. Indeed, the reason Plaintiff brought

1  the petition in the first place was to raise the issue of improper application of statutory good time
2  credits to both the minimum and maximum terms of his sentence. The fact that the state courts
3  affirmed both, and that Plaintiff now only challenges the application of credits to the maximum
4  terms, is an immaterial difference as the state court's ruling explicitly included review of the
5  maximum term credit application. Accordingly, the issue was actually and necessarily litigated
6  before the Nevada Supreme Court issued its affirmation of the district court's denial of Plaintiff's
7  habeas petition.

Therefore, because Plaintiff has already litigated NDOC's alleged failure to apply his state time credits to his maximum sentence pursuant to NRS 209.4465 and the state court has held that they were properly applied, a further consideration of this issue is barred by the doctrine of *res judicata*.

**B. Waiver**

In his cross-motion for summary judgment, Plaintiff argues that Defendants' failure to raise defensive issue preclusion prior to summary judgment bars the Court from considering Defendants' argument. For the following reasons, the Court finds that Defendants have not waived this issue.

Defendants raised the defense of issue preclusion in their answer to the Complaint. Therefore, they did not waive the defense. See Deutsch v. Flannery, 823 F.2d 1361, 1365 n.2 (9th Cir. 1987) ("Issue preclusion is an affirmative defense that may be waived if not pleaded."). Additionally, the Ninth Circuit has held that, unlike when "resolving the question of claim preclusion" where the court "found countervailing private interests that led us to apply strictly fundamental principles of waiver," there are "no such countervailing interests arise[n] with respect to issue preclusion[.]" Clements v. Airport Auth. of Washoe Cnty., 69 F.3d 321, 330 (9th Cir. 1995). The court provided that, "[i]n issue preclusion, the only litigation barred is the re-litigation of an issue that has been actually litigated and necessarily decided. Where the plaintiffs have had a full and fair opportunity to actually litigate the issue and did in fact litigate it, they can not ordinarily be prejudiced by subsequently being held to the prior determination." Id. Here, Plaintiff was provided a full opportunity to litigate the proper application of this time credits as he did

1  through multiple levels of appeals. Additionally, "the public interest would be greatly advanced
2  by the application of issue preclusion here. It would avoid inconsistent results and would assist in
3  the conservation of our judicial resources." Id. In this case, issue preclusion avoids the possibility
4  of a federal court finding that the state court misapplied time credits which they have already held
5  were properly applied. Id. Thus, even if Defendants failed to raise issue preclusion at an earlier
6  time in the proceeding, the Court still finds that it resolves the time credit issue in this case. See
7  id. ("[D]espite the defendants' failure to raise the issue preclusion defense in a timely manner, we
8  will nonetheless apply the doctrine in this case.").

### C. Eight Amendment and Due Process Claims

The Ninth Circuit allowed Plaintiff to proceed on his Eight and Fourteenth Amendment claims challenging the statutory deduction of his maximum sentence. The Ninth Circuit has held that "[d]etention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of 'deliberate indifference' to the prisoner's liberty interest[.]" See Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985). Additionally, "if the officials made their calculations in a manner which denied [Plaintiff] his statutory right to liberty without due process of law, a constitutional violation exists and a cause of action is available under § 1983." Id. at 1355.

In this case, the state court has already held that Plaintiff's credits were not miscalculated. Therefore, Plaintiff's Eight Amendment and Due Process claims, which rest on an allegation that his stat time credits were not properly applied towards his maximum sentence and resulted in his confinement past the termination of his sentence, necessarily fails. Because the state courts have already made a determination in case number A-19-800622-W that Plaintiff's credits were properly applied to this maximum term, he has not lost any liberty interest nor been subject to an Eight Amendment violation. Therefore, the Court grants Defendants' motion for summary judgment and both of Plaintiff's claims are dismissed with prejudice.

### V. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion for Summary Judgment, (ECF No. 76), is **GRANTED**.

**IT IS FURTHER ORDERED** that all remaining motions (ECF Nos. 69, 77, 78, 79, 84, 88, 89, 90, 91), are **DENIED** as moot.

The Clerk of Court is instructed to close this case.

**DATED:** March 30, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**